## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA BAY DIVISION

| | |
|---|---|
| Jose Luis Rodriguez, Jr., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GRANITE SERVICES INTERNATIONAL, INC., and FIELDCORE SERVICES SOLUTIONS, LLC,<br><br>Defendant. | Case No.<br><br><br>Class and Collective Action<br><br><br><br>Jury Trial Demanded |

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Plaintiff Jose Luis Rodriguez Jr. (Rodriguez) worked for Defendant Granite Services International, Inc. (Granite), which rebranded in 2017 to become Defendant FieldCore Service Solutions International, LLC (FieldCore) (collectively, "Defendants").

2. The nature of Rodriguez's working relationship with Defendants is that of an employer-employee, and he is entitled to the benefits of an employee under the FLSA and California law.

3. Rodriguez worked overtime while working for Defendants.

4. Defendants paid Rodriguez the same hourly rate for all hours worked including those in excess of 40 in a workweek.

5. Defendants did not pay Rodriguez a salary.

6. Defendants did not guarantee Rodriguez a salary.

7. Defendants did not pay Rodriguez overtime.

8. Rodriguez and the other hourly employees are similarly situated for the purposes of the FLSA and California law.

1

9. Rodriguez seeks back wages, liquidated damages, attorney fees, costs, and all other remedies available under the FLSA and California law.

## JURISDICTION & VENUE

10. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action involves a federal question under the FLSA, 29 U.S.C. § 216(b).

11. The Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

13. FieldCore's North American Regional office is in Tampa Bay, Florida, in this District and Division.

## PARTIES

14. Rodriguez worked for Defendants as a Technical Advisor from April of 2016 until August 2019.

15. Throughout his employment with Defendants, Rodriguez was paid the same hourly rate for all hours worked including those in excess of 40 in a workweek.

16. Rodriguez's consent to be a party plaintiff is attached as Exhibit A.

17. Rodriguez brings this action on behalf of himself and all other similarly situated workers were paid by Defendants' straight time for overtime system, regardless of job title, as long as they were not Environment, Health, and Safety (EHS) employees.

18. Defendants did not pay these workers overtime for all hours that they worked in excess of 40 hours in a workweek, as required by the FLSA.

19. Rodriguez represents at least two classes of similarly situated co-workers.

20. First, Rodriguez represents a class of similarly situated hourly employees under the FLSA pursuant to 29 U.S.C. § 216(b). The FLSA Class is defined as:

> **All employees of Granite Services and FieldCore (except for EHS employees) in the past three years who were paid "straight time for overtime."**

21. Second, Rodriguez represents a class of similarly situated hourly employees under the California Labor Code pursuant to Federal Rule of Civil Procedure 23. The California Class is defined as:

> **All employees of Granite Services and FieldCore (except for EHS employees) in the past four years working in California who were paid "straight time for overtime."**

22. Collectively, the FLSA Class Members and California Class Members are referred to as the "Class Members."

23. Granite is a foreign for-profit corporation.

24. Granite may be served by serving its registered agent, **CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324**, or by any other method authorized by law.

25. FieldCore is a foreign limited liability company authorized to do business in Florida.

26. FieldCore conducts business in a systematic and continuous manner throughout Florida, including this District and Division.

27. FieldCore may be served by serving its registered agent, **CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324**, or by any other method authorized by law.

28. Due to the relationship between Granite and FieldCore, these entities were joint employers for the purposes of the FLSA. *See* 29 C.F.R. § 791.2.

29. FieldCore and Granite are the same entity for all purposes since Granite rebranded as FieldCore.

30. Rodriguez has paystubs with both FieldCore and Granite logos on them.

### COVERAGE UNDER THE FLSA

31. For at least the past three years, Granite and FieldCore have been an employer within the meaning of the section 3(d) of the FLSA, 29 U.S.C. § 203(d).

32. For at least the past three years, Granite and FieldCore have been part of an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

33. For at least the past three years, Granite and FieldCore have been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as construction equipment, laptops, and cell phones – that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $1,000,000.

34. For at least the past three years, Rodriguez and the FLSA Class Members were engaged in commerce or in the production of goods for commerce.

**FACTS**

35. FieldCore is a subsidiary of General Electric (GE).

36. Granite re-branded as FieldCore.

37. FieldCore is a newly formed company bringing together the field service resources from Granite and GE Power Services into one field services organization.

38. Defendants provide field services and technical and support services for the power generation and oil and gas industries.

39. Rodriguez is one of these employees.

40. Rodriguez began working for Defendants in April of 2016.

41. Rodriguez performed work for Defendants in Arizona, California, Texas, and Argentina.

42. Defendants primarily staff Rodriguez to its parent company GE and to NRG Energy, Inc.

43. Defendants paid Rodriguez by the hour.

44. Rodriguez was paid around $35 to $39 for each approved hour he works.

45. Rodriguez reported the hours he worked to Defendants on a regular basis.

46. Rodriguez was not guaranteed a salary.

47. If Rodriguez worked fewer than 40 hours, he is only paid for the hours he worked.

48. Rodriguez regularly worked over 40 hours.

49. For example, in the one-week period ending on August 7, 2017, Rodriguez worked 92 hours.

50. In that week, Rodriguez worked 52 hours of overtime.

51. Rodriguez was paid his regular rate of $35 for every hour he worked.

52. As shown, rather than receiving time and half as required by the FLSA, Rodriguez only received "straight time" pay for overtime hours worked.

53. Defendants' "straight time for overtime" payment scheme violates the FLSA.

54. Defendants were and are aware of the overtime requirements of the FLSA.

55. Defendants nonetheless fail to pay certain employees, such as Rodriguez, overtime.

56. Defendants failure to pay overtime to these workers was, and is, a willful violation of the FLSA.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

57. Numerous hourly employees have been victimized by this pattern, practice, and policy, which are in willful violation of the FLSA.

58. Many of these hourly employees have worked with Rodriguez and have reported that they were paid in the same manner and were not properly compensated for all hours worked, as required by the FLSA.

59. Thus, from Rodriguez's observations and discussions with these hourly employees, he is aware that the illegal practices or policies of Defendants have been imposed on a distinct group of hourly employees.

60. These employees were all paid straight time for overtime and were not paid overtime compensation.

61. These hourly employees are victims of Defendants' unlawful compensation practices and are similarly situated to Rodriguez in terms of pay provisions and employment practices.

62. Defendants' failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies and practices, which are not dependent on the personal circumstances of the hourly employees.

63. Thus, Rodriguez's experiences are typical of the experiences of the hourly employees he seeks to represent.

64. The specific job titles or precise job locations of the various hourly employees does not prevent collective treatment.

65. Rodriguez has no interests contrary to, or in conflict with, the members of the FLSA Class Members and California Class Members. Like each member of the proposed classes, Rodriguez has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

66. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

67. Absent this action, many FLSA and California Class Members likely will not obtain redress of their injuries and Defendants will reap the unjust benefits of violating the FLSA and California law.

68. Furthermore, even if some of the FLSA and California Class Members could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system.

69. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

70. The questions of law and fact common to each of the FLSA and California Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a. Whether Defendants employed the FLSA and California Class Members within the meaning of the FLSA and California law;

      b.      Whether the FLSA and California Class Members were exempt from overtime;

      c.      Whether Defendants' decision to not pay overtime to the FLSA and California Class Members was made in good faith; and

      d.      Whether Defendants' violation of the FLSA and California law was willful.

71.    Rodriguez's claims are typical of the FLSA and California Class Members. Rodriguez and the FLSA and California Class Members have sustained damages arising out of Defendants' illegal and uniform employment policy.

72.    Rodriguez knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

73.    Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective action treatment.

74.    All the Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

### FIRST CAUSE OF ACTION—VIOLATION OF THE FLSA

75.    Paragraphs 1 through 74 are incorporated by reference.

76.    Defendants have violated, and are violating, section 7 of the FLSA, 29 U.S.C. § 207, by compensating hourly employees straight time for overtime in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating the FLSA Class Members for their employment in excess of 40 hours per week at rates no less than 1.5 times the regular rates for which they were employed.

77.    Defendants knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay the FLSA Class Members overtime compensation.

78.    Defendants' failure to pay overtime compensation to these FLSA Class Members was neither reasonable, nor was the decision not to pay overtime made in good faith.

79.     Accordingly, Rodriguez and the FLSA Class Members are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorney's fees, and costs.

### SECOND CAUSE OF ACTION—FAILURE TO PAY WAGES UNDER CALIFORNIA LAW

80.     Paragraphs 1 through 74 are incorporated herein by reference.

81.     The California Labor Code requires that all employees, including Rodriguez and the California Class, receive 1.5 times their hourly rate as overtime premium compensation for hours worked over eight in one day. CAL. LAB. CODE § 510 (2017); IWC Wage Order 16-2001.

82.     Despite working over 8 hours a day as part of their normal and regular shift, Rodriguez and the California Class did not receive any overtime compensation for all hours worked over eight in one day.

83.     The California Labor Code also requires that all employees, including Rodriguez and the California Class, receive two times the overtime premium compensation for hours worked over 12 in one day. CAL. LAB. CODE § 510 (2017); IWC Wage Order 16-2001.

84.     Although Rodriguez and the California Class occasionally worked over 12 hours in one day, they did not receive the "double time" compensation required by California law.

85.     The California Labor Code requires that all employees, including Rodriguez and the California Class, receive two times the overtime premium compensation for hours worked over 8 in one day, in the seventh day of a workweek. CAL. LAB. CODE §§ 510, 551–52 (2017); IWC Wage Order 16-2001.

86.     Although Rodriguez and the California Class regularly worked seven days a week, for at least 12 hours a day, they did not receive the "double time" compensation required by California law for all hours over eight worked on the seventh day.

87.     This pattern, practice, and uniform administration of corporate policy regarding illegal employee compensation is unlawful and entitles Rodriguez and the California Class to recover unpaid balance of the full amount of overtime wages owing, including liquidated damages, interest, attorneys' fees, and costs of suit pursuant to California Labor Code section 1194.

### THIRD CAUSE OF ACTION—FAILURE TO PROVIDE
### COMPENSATION FOR MISSED MEAL AND REST PERIODS

88. Paragraphs 1 through 74 are incorporated herein by reference.

89. In accordance with the mandates of California Labor Code sections 226.7 and 512, and applicable IWC Wage Orders, Rodriguez and the California Class had the right to take two uninterrupted 30-minute meal periods for each day they worked 10 hours per day and a 10-minute rest period for every four hours worked per day. CAL. LAB. CODE §§ 226.7, 512; IWC Wage Order 16-2001.

90. Although the California Labor Code requires that all employees, including Rodriguez and the California Class, receive two, 30-minute meal-period breaks when employed for 10 hours per day, Rodriguez and the California Class did not receive two meal-period breaks for each day worked, despite working shifts of 12 hours or more. CAL. LAB. CODE § 512; IWC Wage Order 16-2001.

91. As a pattern and practice, Defendants did and do not provide Rodriguez and the California Class with meal-period breaks, and did not provide proper compensation for this failure as required by California law.

92. Although the California Labor Code requires that all employees, including Rodriguez and the California Class, receive a 10-minute rest period for every four hours worked, Rodriguez and the California Class did not receive any rest periods during their shifts of 12 or more hours. CAL. LAB. CODE § 512; IWC Wage Order 16-2001.

93. As a pattern and practice, Defendants did not provide Rodriguez and the California Class with rest-period breaks, and did not provide proper compensation for this failure as required by California law.

94. Rodriguez and the California Class are entitled to receive compensation, at their regular rate of pay, of one hour for each day they were denied their lawfully required meal- and rest-periods. CAL. LAB. CODE § 512; IWC Wage Order 16-2001.

95. Defendants' policy failed to provide Rodriguez and the California Class with the legally mandated meal period breaks. Such a pattern, practice, and uniform administration of

corporate policy as described herein is unlawful and creates an entitled to recovery by Rodriguez and the California Class in a civil action, for the balance of the unpaid compensation pursuant to Labor Code sections 226.7 and 512, and applicable IWC Wage Orders.

### FOURTH CAUSE OF ACTION—VIOLATIONS OF RECORD KEEPING REQUIREMENTS

96. Paragraphs 1 through 74 are incorporated herein by reference.

97. California Labor Code section 226 requires Defendants to keep accurate records regarding the rates of pay for their California employees and provide that information to Rodriguez and the California Class with their wage payment.

98. Because Defendants failed to pay Rodriguez and the California Class Members lawful wages, it did not maintain accurate records of Rodriguez and the California Class' daily hours, gross wages earned, net wages earned, and the applicable hourly rates, and did not provide that information to Rodriguez and the California Class with their wages.

99. This pattern, practice, and uniform administration of corporate policy is unlawful and entitles Rodriguez and the California Class to recover all damages and penalties available by law, including interest, penalties, attorney fees, and costs of suit. CAL. LAB. CODE § 226(e).

### FIFTH CAUSE OF ACTION—WAITING TIME PENALTIES

100. Paragraphs 1 through 74 are incorporated herein by reference.

101. At all relevant times, Defendants were required to pay Rodriguez and the California Class all wages owed in a timely fashion at the end of employment pursuant to California Labor Code sections 201 to 204.

102. As a result of Defendants' alleged California Labor Code violations, Defendants regularly failed to pay Rodriguez and the California Class their final wages pursuant to California Labor Code sections 201 to 204, and accordingly Defendants owe waiting time penalties pursuant to California Labor Code section 203.

103. The conduct of Defendants, in violation of Rodriguez and the California Class' rights, was willful and was undertaken by the agents, employees, and managers of Defendants.

104. Defendants' willful failure to provide Rodriguez and the California Class the wages due and owing them upon separation from employment results in a continuation of wages up to 30 days from the time the wages were due.

105. Therefore, Rodriguez and the California Class who have separated from employment are entitled to compensation pursuant to California Labor Code section 203.

### SIXTH CAUSE OF ACTION—VIOLATION OF UNFAIR COMPETITION LAW

106. Paragraphs 1 through 74 are incorporated herein by reference.

107. Defendants have engaged, and continues to engage, in unfair and unlawful business practices in California by practicing, employing, and utilizing the employment practices outlined above by knowingly denying employees: (1) overtime wages required under federal law; (2) overtime wages required by California law; (3) meal- and rest-period break wages; (4) accurate wage statements; and (5) waiting time penalties.

108. As a result of Defendants' failure to comply with federal and state law, Defendants have also violated the California Unfair Competition Law ("UCL"), CAL. BUS. & PROF. CODE § 17200, *et. seq.*, which prohibits unfair competition by prohibiting any unlawful or unfair business actions or practices.

109. The relevant acts by Defendants occurred within the four years preceding the filing of this action.

110. On information and belief, Defendants have engaged in unlawful, deceptive, and unfair business practices, pursuant to California's Business and Professions Code section 17200, *et seq.*, including those set forth above, depriving Rodriguez and the California Class of minimum working condition standards and conditions under California law and IWC Wage Orders as set forth above.

111. Rodriguez and the California Class are entitled to restitution for at least the following: restitution for unpaid overtime wages and unpaid California Labor Code § 203 continuation wages.

112. Rodriguez and the California Class are also entitled to permanent injunctive and declaratory relief prohibiting Defendants from engaging in the violations and other misconduct referred to above.

113. Defendants are also liable for fees and costs pursuant to California Code of Civil Procedure section 1021.5 and other applicable law.

### RELIEF SOUGHT

114. Rodriguez prays for judgment against Defendants as follows:

   a. For an order certifying a class action under Rule 23 for the purposes of the claims under California law;

   b. For an order certifying this case as a collective action for the purposes of the FLSA claims;

   c. For an order finding Defendants liable for violations of state and federal wage laws with respect to Rodriguez and all Class Members covered by this case;

   d. For a judgment awarding all unpaid wages, liquidated damages, and/or penalty damages, to Rodriguez and all Class Members covered by this case;

   e. For a judgment awarding Rodriguez and all Class Members covered by this case their costs of this action;

   f. For a judgment awarding Rodriguez and all Class Members covered by this case their attorneys' fees;

   g. For a judgment awarding Rodriguez and all Class Members covered by this case pre- and post-judgment interest at the highest rates allowed by law; and

   h. For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By:   /s/ *C. Ryan Morgan*
      **C. Ryan Morgan, Esq.**
      FBN 0015527

Morgan & Morgan, P.A.
20 N. Orange Ave., 15th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 867-4791
E: Rmorgan@forthepeople.com
**Local Counsel for Plaintiff**


**/s/ Andrew R. Frisch**
Andrew R. Frisch, Esq.
FL Bar No. 27777
**MORGAN & MORGAN, P.A.**
8151 Peters Road, Suite 4000
Plantation, FL 33324
T: (954) WORKERS
F: (954) 327-3013
E: AFrisch@forthepeople.com