IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| JOSE LUIS RODRIGUEZ, JR., individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § | 2:20-CV-274-Z |
| | § | |
| GRANITE SERVICES INTERNATIONAL, INC., and FIELDCORE SERVICES SOLUTIONS, LLC<br>Defendant. | § § § § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's Motion to Transfer Venue. ECF No. 61. Having considered the Motions, Replies, and Responses, the Court **GRANTS** Plaintiff's Motion to Transfer Venue to the Northern District of Georgia, Atlanta Division. ECF No. 61.

BACKGROUND

This suit arose out of a dispute between Jose Luis Rodriguez Jr. ("Plaintiff") and his employer Granite Services International Inc. and FieldCore Services Solutions, LLC (collectively "Defendants") regarding wages paid "straight time for overtime" under Defendants' "Retainer B" pay plan. ECF No. 61 at 1. Plaintiff seeks to certify a nationwide Fair Labor Standards Act ("FLSA") collective action and/or a class under Rule 23 on behalf of all Defendants' employees (except EHS employees) who were similarly paid "straight time for overtime" under Defendants' "Retainer B" pay plan. ECF No. 61 at 3.

Plaintiff initially brought this case in the Middle District of Florida. ECF No. 1. Defendants moved to dismiss under the "first to file doctrine" claiming that Plaintiff's claims overlapped with those brought in *Greinstein v. Granite Serv. Int'l, Inc., et al*, No. 2:18-CV-208-Z, 2020 WL

6821005 (N.D. Tex. Nov. 20, 2020) and *Trottier v. FieldCore Serv. Sols.*, LLC, No. 2:20-CV-186-Z (N.D. Tex. 2020). ECF No. 16. The Middle District of Florida granted Defendants' motion and transferred the case to this Court. ECF No. 27.

Plaintiff is an Arizona resident and has not worked in Texas and therefore cannot establish personal jurisdiction over Defendants in this Court. *See Greinstein*, 2020 WL 6821005, at *3–6 (applying *Bristol-Myer Squib* to plaintiffs in FLSA collective actions); ECF No. 61 at 1.

Previously, Defendants acknowledged that their "principal place of business" and headquarters are in Atlanta, Georgia. ECF No. 62 at 5. The parties agree then that the Northern District of Georgia has general jurisdiction over Defendants. ECF No. 62 at 5; ECF No. 61 at 4; ECF No. 61-1 at 13.

Accordingly, Plaintiff now moves to transfer this action to the Northern District of Georgia. ECF No. 61 at 1. Defendants oppose Plaintiff's Motion and urge this Court to keep the case in the Northern District of Texas. ECF No. 62 at 13.

## LEGAL STANDARDS

Under 28 U.S.C. § 1404(a), courts have broad discretion to transfer an action to any other district that it may have been brought initially "[f]or the convenience of parties and witnesses" and "in the interest of justice." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 (5th Cir. 2008) ("*Volkswagen II*"). A proposed venue is proper if at the time of filing: (1) any defendant resided in that district or division, and (2) all defendants resided within the state. 28 U.S.C. § 1391(b)(1). It is also proper in the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. §1391(b)(2).

If the proposed venue is proper, the moving party has the burden of proving that there is "good cause" for transfer based on a balance of eight private and public interest factors to prevail on a motion to transfer venue. *Volkswagen II*, 545 F.3d at 314–15.

The four private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).

The four public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* Considering the private and public categories of interest, the movant's proposed venue transfer must be "clearly more convenient" and "in the interest of justice." *Volkswagen II*, 545 F.3d at 315.

ANALYSIS

The parties do not dispute Plaintiff could have originally brought this action in the Northern District of Georgia, Atlanta Division where Defendants are headquartered. ECF No. 62 at 5; ECF No. 61 at 4. The Court therefore finds venue is proper in that district and division. Accordingly, the Court turns to determine whether the eight private and public interest factors favor transfer to the Northern District of Georgia.

**A. The private factors favor transfer to the Northern District of Georgia.**

The private interest factors focus on the access, cost, and convenience of information and the sources of proof necessary for efficient judicial proceedings. *In re Volkswagen AG*, 371 F.3d

3

201, 203 (5th Cir. 2004). Considering the following, the Court finds that the sources of proof in the present action are more accessible and convenient in Northern District of Georgia.

"[T]he relative ease of access to sources of proof," the first private interest factor, favors transfer. *Id.* Defendants argue that e-discovery and the locations of the putative plaintiffs make this factor, at the most, neutral. But the convenience of technology and e-discovery does not make this factor superfluous. *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013). In fact, this factor weighs in favor of the venue where the majority of relevant documents are physically kept. *Id.* In this case, the "greater volume" of relevant documents is within Defendants' control, presumably at their headquarters in Atlanta, Georgia. *Uniloc USA, Inc. v. Activision Blizzard, Inc.*, Nos. 6:13-CV-256, 6:13-CV-259, 2014 WL 11609813, at *2 (E.D. Tex. July 16, 2014) (noting that this factor turns on who possesses the greater volume of relevant documents, and that corporate headquarters are presumed to possess the bulk of material related to a corporate party). Defendants failed to discredit this presumption. Accordingly, the relative ease of access to these sources of proof supports transfer to the Northern District of Georgia.

The second and third factors concern the convenience and expense of witnesses' attendance at trial. These factors favor transfer. Defendants' argument here is much the same as for the first factor—that some potential witnesses may be located in Texas, including Defendants' supervisors and managers in the area. ECF No. 62 at 17. But "'[t]he [c]ourt gives more weight to those specifically identified witnesses and affords less weight to vague assertions that witnesses are likely located in a particular forum.'" *Mt Hawley Insurance Co. v. TFP Properties III, LLC*, No. 3:18-CV-00659-K, 2018 WL 10419785, at *3 (N.D. Tex. Aug. 29, 2018). Defendants stated many of their witnesses are located in Georgia. ECF No. 61-1 at 10-11; ECF No. 62 at 17. Identified witnesses are more persuasive than vague references to potential Texas witnesses.

Moreover, Defendants' witnesses located in Texas are not relevant to this analysis at all. *Id.* ("Courts consider current employees of a party to be willing witnesses, so their locations are not persuasive to the analysis for this factor.").

The final private interest factor is a catch-all for other "practical problems" pertaining to efficiency and cost. *In re Volkswagen AG*, 371 F.3d at 203. Defendants argue that judicial economy is best served by non-transfer because there are other FLSA overtime actions brought against Defendants in this Court: *Greinstein* and *Trottier*. While judicial economy can "play a significant role" in a court's transfer analysis, co-pending litigation is not dispositive. *In re Google Inc.*, 2017 WL 977038, at *2 (Fed. Cir. Feb. 23, 2017).

In this case, there is ample evidence demonstrating that Plaintiff's class or collective is significantly different than the other actions brought against Defendants. ECF No. 65-3 at 5–7. The putative plaintiffs hold different job descriptions, pay practices, and are employed at different locations than the collectives in *Greinstein* and *Trottier*. ECF No. 65-3 at 5-7; ECF No. 61 at 8. In fact, the Court has previously declined to consolidate these actions precisely because of their dissimilarities. *Trottier*, ECF No. 59 (Oct. 26, 2020).

Defendants argue that judicial economy is still better served by keeping the action in this Court because of its familiarity with Defendants and the FLSA overtime actions against them. ECF No. 62 at 15–16. But the differences between this case and other actions against Defendants cut against their argument — even if some information in other pending litigation is relevant to this case, much of the evidence and information will be different. And there are also similar pending actions against Defendants in the Northern District of Georgia. *Campo v. Granite Serv. Int'l, Inc.*, No. 1:21-CV-00223-AT (N.D. Ga. Feb. 25, 2021).

Additionally, for this Court to maintain this action, it would need to sever Plaintiff's and any other non-Texan putative plaintiffs' claims. *Greinstein*, 2020 WL 6821005, at *4 (applying *Bristol-Myers Squib*). Severance is inappropriate when "the court believes that it would only result in delay, inconvenience, or added expense." *Sanchez v. Schlumberger Tech. Corp.*, No. 2:17-CV-102, 2020 WL 5367005, at *1 (S.D. Tex. Sept. 7, 2020). In this case, the number of putative plaintiffs in Texas is unclear. Indeed, the Court could end up having jurisdiction over only a few opt-in plaintiffs. Severing numbers of putative plaintiffs' claims would be inefficient and delay judicial proceedings. This problem would be avoided and judicial economy would be served by transfer to the Northern District of Georgia.

Finding each of the four private interest factors favors transfer to the Northern District of Georgia, the Court now turns to evaluate the public interest factors.

### B. The public interest factors favor transfer.

The four public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *In re Volkswagen AG*, 371 F.3d at 203.

The parties agree that the first public interest factor, "administrative difficulties flowing from court congestion," is neutral. *Id.* The Court agrees. A court congestion inquiry generally involves the number of pending cases before each judge and the relative complexity of the filings before them. *Mt Hawley Insurance Co.*, 2018 WL 10419785, at *5. There is nothing to suggest that either the Northern District of Georgia or the Northern District of Texas is more congested. Accordingly, this factor is neutral.

The second public interest factor, the local interest of having localized interests decided at home, favors transfer. *In re Volkswagen AG*, 371 F.3d at 203. The Northern District of Georgia will be "'actually affected' by resolution of this case" because Defendants are headquartered in Atlanta, Georgia. *TitanUrbi21, LLC v. GS Oilfield Services, LLC*, No. 2:20-CV-069-Z, 2020 WL 5066943, at *6 (N.D. Tex. Aug. 27, 2020).

On the other hand, this Court has little interest is this case. Plaintiff is an Arizona resident and has no connection to Texas. Additionally, the putative plaintiffs are largely unidentified — it is unclear how many claims will be actionable in this Court. ECF No. 62 at 18. As a result, there is no solidified local interest in Texas as compared to the clear local interest in the Northern District of Georgia. This factor favors transfer to the Northern District of Georgia.

The third and fourth public interest factors are "the familiarity with the law that will govern the case" and "the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *In re Volkswagen AG*, 371 F.3d at 203. The parties agree that the final two factors are neutral. Plaintiff claims arise under federal and California law. *See LeBlanc v. C.R. England, Inc.*, 961 F.Supp.2d 819, 833 (N.D. Tex. Aug 13, 2013) (indicating that federal courts are equally familiar with federal statutes); *and Modisett v. Delek Refining, Ltd.*, No. 2:18-CV-00389-JRG-RSP, 2019 WL 2395377 *5 (E.D. Tex. June 5, 2019) (same). Additionally, both parties concede that no conflicts of law or applications of foreign law are present here. The Court finds the third and fourth final public interest factors to be neutral.

As a final matter, Defendants allege that this motion to transfer is an attempt at improper forum shopping and not "in the interest of justice." *Volkswagen II*, 545 F.3d at 315. The Court notes, however, that Plaintiff filed this action in the Middle District of Florida under the mistaken assumption that Defendants would be subject to general jurisdiction there. ECF No. 24 at 10.

The Middle District of Florida then transferred the case to this Court under the first-to-file rule. Plaintiff did not choose *this* forum. Additionally, the Middle District of Florida transferred the case to this Court just *two days* prior to this Court's *Greinstein* opinion holding that *Bristol-Myers Squib* operated as a possible jurisdictional hurdle in FLSA cases. The Court finds it unlikely that the Middle District of Florida would have transferred this case to this Court if it had known the holding of *Greinstein* and likely would have transferred the case to the Northern District of Georgia instead.

CONCLUSION

The private and public interest factors in this case demonstrate that the Northern District of Georgia, Atlanta Division is clearly more convenient than the Northern District of Texas. Accordingly, the Court finds Plaintiff has satisfied his "good cause" burden. Plaintiff's Motion to Transfer is **GRANTED**. The Clerk is directed to **TRANSFER** this action to the United States District Court for the Northern District of Georgia, Atlanta Division.

**SO ORDERED**.

July 6, 2021.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE